# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
HONG KONG
LONDON
SEOUL
SHANGHAI
TEL AVIV
MIAMI
SAN FRANCISCO
WASHINGTON DC
BVI
CAYMAN ISLANDS

September 20, 2019

**BY ECF**

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
Theodore Roosevelt Federal Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *The County of Allegany v. Purdue Pharma L.P.*, Case No. 2:19-cv-04891 (RRM) (SLT)

Dear Judge Mauskopf:

Express Scripts, Inc.; CVS Health Corporation; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; CaremarkPCS, L.L.C.; UnitedHealth Group Incorporated; Optum, Inc.; OptumRx, Inc.; Prime Therapeutics, LLC; Navitus Holdings, LLC; and Navitus Health Solutions, LLC (collectively, the "Moving Defendants") respectfully request leave to file their non-dispositive motion to temporarily stay proceedings pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action to the multidistrict litigation in the Northern District of Ohio, *In re National Prescription Opiate Litigation*, MDL 2804 (N.D. Ohio 2017) ("Opiate MDL").[1]

Pursuant to Your Honor's Individual Rules of Practice, the Moving Defendants respectfully request that Your Honor enter the following briefing schedule: the Moving Defendants shall serve their motion to stay on September 23, 2019; Plaintiff shall serve its opposition on October 10, 2019; and the Moving Defendants shall serve their reply on or before October 17, 2019. The Moving Defendants shall file their fully briefed motion to stay with the Court via ECF on or about October 17, 2019. Plaintiff consents to this proposed briefing schedule.

The parties met and conferred in good faith on September 9, 2019, and despite Judge Azrack's recent decision staying a virtually identical case involving the same arguments, were

---

[1] The Moving Defendants submit this letter without waiver of any personal jurisdiction defense.

The Honorable Roslynn R. Mauskopf
September 20, 2019
Page 2

unable to resolve their differences on this issue.  As set forth below, a brief stay will conserve judicial resources, avoid duplicative litigation, and prevent inconsistent rulings.

**Background**

Plaintiff commenced this action on June 14, 2019.  On August 27, 2019, the Moving Defendants removed this action to this Court based on diversity jurisdiction, applying the doctrines of severance and fraudulent misjoinder.  *See* Dkt. No. 1.  Plaintiff brings claims against manufacturers, distributors, pharmacies, pharmacy benefit managers, and others arising from the sale, marketing, and distribution of prescription opioid medications.  This action is similar to thousands of cases that are pending in the Opiate MDL, which the JPML established on December 5, 2017.  Many of these cases originated in New York.

Accordingly, the Moving Defendants tagged this case for conditional transfer to the Opiate MDL on September 5, 2019.  *See* Notice of Potential Tag-Along, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Sept. 5, 2019), Dkt. No. 5514.  The JPML conditionally transferred this case to the Opiate MDL on September 11, 2019.  *See* Conditional Transfer Order 111 ("CTO-111"), *In re Nat'l Prescription Opiate Litig.*, MDL 2804 (J.P.M.L. Sept. 11, 2019), Dkt. No. 5583.  Plaintiff's opposition to CTO-111 was filed on September 18, 2019.  The JPML will likely make a final transfer decision at its hearing on December 5, 2019.

**Argument**

In cases like this, the general rule is for federal courts to stay proceedings until after the JPML renders a final transfer decision.  Indeed, in three cases virtually identical to this one, district courts in New York have done just that.  *See* Text Order, *City of Auburn v. Purdue Pharma L.P.*, No. 2:19-cv-03800 (E.D.N.Y. Sept. 6, 2019) (Azrack, J.) (temporarily staying proceedings in a substantially similar case, pending final transfer decision by the JPML); *see also* Text Order, *City of Ogdensburg v. Purdue Pharma L.P.*, No. 8:19-cv-00782 (N.D.N.Y. Sept. 10, 2019), Dkt. No. 79 (granting defendants' motion to temporarily stay proceedings pending final transfer decision by the JPML in a substantially similar case); Text Order, *City of Saratoga Springs v. Purdue Pharma L.P.*, No. 1:19-cv-00789 (N.D.N.Y. Sept. 10, 2019), Dkt. No. 79 (same).  For good reason—when a jurisdictional issue "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," transfer to the JPML allows "the jurisdictional objections [to] be heard and resolved by a single court," thereby serving the twin goals of multidistrict litigation: consistency and judicial economy.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *see also Aguilar v. Merck & Co.*, 2005 WL 8159736, at *2 (E.D.N.Y. Nov. 22, 2005) (granting motion to stay and finding the "preferable practice" in multidistrict litigation in the Second Circuit is "to allow the transferee court to resolve jurisdictional issues that implicate common questions of law and fact arising in numerous cases").

In determining whether a stay is appropriate, courts consider: (1) judicial economy; (2) hardship to the moving party absent a stay; and (3) potential prejudice to the nonmoving party.  *See, e.g.*, *Aguilar*, 2005 WL 8159736, at *3.  Here, a brief stay will conserve the Court's and parties' resources, avoid duplicative litigation, and prevent inconsistent rulings on complex jurisdictional issues that have arisen and will continue to arise in opioid-related actions.

The Honorable Roslynn R. Mauskopf
September 20, 2019
Page 3

      1.  <u>A Stay is Necessary to Promote Judicial Economy</u>.

A temporary stay is warranted because this action implicates jurisdictional issues—including severance and the fraudulent misjoinder of non-diverse parties—that have arisen in over one hundred cases pending in the Opiate MDL (and will continue to arise as the litigation progresses).  In some of these cases, courts have issued stays *sua sponte* as soon as a conditional transfer order issued.  *See, e.g.*, Order at 1, *Fauquier Cty. v. Mallinckrodt LLC*, No. 1:19-cv-00364 (E.D. Va. Apr. 17, 2019), Dkt. No. 33 ("[I]n the interest of judicial economy and recognizing the benefits of uniformly handling multiple civil actions involving essentially the same core issues, the Court will exercise its discretion and stay any further action . . . until the [JPML] has had an opportunity to resolve the objection to transfer."); Order at 1, *Prince George Cty. v. Purdue Pharma L.P.*, No. 3:19-cv-00458 (E.D. Va. June 21, 2019), Dkt. No. 10; Order at 1, *Greensville Cty. v. Purdue Pharma L.P.*, No. 3:19-cv-00459 (E.D. Va. June 21, 2019), Dkt. No. 7.  In others, courts have stayed proceedings even where a motion to remand is pending.  *See, e.g.*, Order at 2, *Franklin Cty. v. Purdue Pharma L.P.*, No. 7:19-cv-00302 (W.D. Va. May 1, 2019), Dkt. No. 33 ("In the interest of judicial economy and to achieve uniform disposition of the issues central to these cases, the court will exercise its discretion to forego consideration of [plaintiff's remand motions] so that the JPML may adjudicate the objections to transfer of these cases."); Order at 1, *Bd. of Supervisors of Prince William Cty. v. Purdue Pharma L.P.*, No. 1:19-cv-00365 (E.D. Va. Apr. 18, 2019), Dkt. No. 27 ("[T]he Court, in its discretion and in the interest of judicial economy, will stay any further action in this case until the [JPML] has resolved plaintiff's objection to transfer."); Order at 1, *Village of Melrose Park v. McKesson Corp.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), Dkt. No. 26 ("On balance, the slight delay in Plaintiffs' obtaining a ruling on their motion to remand is outweighed by the interests in judicial economy and the prejudice caused by potentially inconsistent results.").  This case warrants the same result.

      2.  <u>The Potential Prejudice to the Moving Defendants from Denial of a Brief Stay Far Outweighs Any Potential Prejudice to Plaintiff</u>.

Absent a stay, the Moving Defendants will suffer significant hardship.  To begin, the Moving Defendants will be forced to engage in unnecessary and duplicative discovery and motion practice.  *See Lee v. Equifax Info. Servs., LLC*, 2018 WL 8139008, at *2 (E.D.N.Y. Aug. 6, 2018) ("[I]f the case is not stayed pending the JPML's transfer decision, defendant will be prejudiced by having to defend duplicative proceedings and motions, with the potential for inconsistent and/or inefficient discovery demands and obligations.").  Furthermore, the Moving Defendants risk facing "a patchwork quilt" of inconsistent rulings on important jurisdictional issues.  *See Oklahoma ex rel. Pruitt v. E.P.A.*, 2015 WL 4607903 (N.D. Okla. July 31, 2015).  Meanwhile, if the Court grants a stay, the potential prejudice to Plaintiff is negligible.  Plaintiff has expended limited resources to date, as this action is still in its infancy, and discovery has not yet begun.  Furthermore, a stay pending transfer will be brief.  As noted above, the JPML will likely issue a final transfer order shortly after its December 5, 2019 hearing—in less than three months.

## Conclusion

For these reasons, the Moving Defendants respectfully request that Your Honor approve the proposed briefing schedule for their motion to stay.

The Honorable Roslynn R. Mauskopf
September 20, 2019
Page 4

Respectfully submitted,

s/ Alana F. Montas
+1 212 488 1200

cc:  All Counsel of Record (via ECF)