**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| THE COUNTY OF ALLEGANY<br><br>*Plaintiff*<br><br>v.<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>*Defendants.* | Civ. No. 2:19-cv-04891(RRM) (SLT) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXPEDITED HEARING ON PLAINTIFF'S MOTION TO REMAND**

Express Scripts, Inc.; CVS Health Corporation; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; CaremarkPCS, L.L.C.; UnitedHealth Group Incorporated; Optum, Inc.; OptumRx, Inc.; Prime Therapeutics, LLC; Navitus Holdings, LLC; and Navitus Health Solutions, LLC (collectively, the "Moving Defendants") submit this memorandum in opposition to Plaintiff's motion for an expedited hearing on Plaintiff's motion to remand. Dkt. No. 15.

There is no urgency or merit to Plaintiff's motion to remand. The only reason Plaintiff seeks to rush resolution of its remand motion is to evade the Judicial Panel on Multidistrict Litigation's ("JPML") likely order transferring this lawsuit to *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio 2017) ("Opiate MDL"). To date, more than 2,000 cases have been transferred to, or filed in, the Opiate MDL. There are numerous cases in the Opiate MDL with overlapping or nearly identical issues to this action, many of which originated in New

1

York.  Indeed, several other federal courts in this district and other districts in New York have issued stays in virtually identical cases filed by the same Plaintiffs' counsel, against the same group of defendants, and based on the same procedural and jurisdictional issues that are present here. *See* Text Order, *City of Auburn v. Purdue Pharma L.P.*, No. 2:19-cv-03800 (E.D.N.Y. Sept. 6, 2019) (Azrack, J.) (temporarily staying proceedings in a substantially similar case related to opioids, pending final transfer decision by the JPML); *see also* Text Order, *City of Ogdensburg v. Purdue Pharma L.P.*, No. 8:19-cv-00782 (N.D.N.Y. Sept. 10, 2019), Dkt. No. 79 (granting defendants' motion to temporarily stay proceedings pending final transfer decision by the JPML in a substantially similar case related to opioids); Text Order, *City of Saratoga Springs v. Purdue Pharma L.P.*, No. 1:19-cv-00789 (N.D.N.Y. Sept. 10, 2019), Dkt. No. 79 (same); Text Order, *City of Rochester v. Purdue Pharma L.P.*, No. 6:19-cv-06490 (W.D.N.Y. Sept. 23, 2019), Dkt. No. 62 (same).

A conditional transfer order ("CTO") by the JPML is not a basis for expediting resolution of Plaintiff's remand motion.  Instead, it provides a basis for exactly the opposite action: the issuance of the CTO strongly counsels deferring resolution of the motion to remand until the JPML issues its final decision on whether to transfer this action to the Opiate MDL.[1]  This is especially true where, as here, the precise jurisdictional issues—removal under theories of severance and fraudulent misjoinder—have already arisen in cases transferred to the Opiate MDL and are before the Opiate MDL Court.  Such issues should be resolved in a consistent manner by the Opiate MDL Court.  *See North v. Merck & Co.*, No. 05-cv-6475L, 2005 WL 2921638, at *2 ("[T]he objectives of the MDL process—namely the avoidance of inconsistent rulings and the conservation of judicial

---

[1] On September 20, 2019, the Moving Defendants filed their letter requesting leave to file a motion to temporarily stay proceedings pending a final decision by the JPML, along with a proposed briefing schedule.  Dkt. No. 13.

resources—are best met by allowing the MDL Court to decide the plaintiff's motion to remand."). Plaintiff's motion to expedite thus fundamentally misconstrues JPML procedures and the purpose of a CTO. Accordingly, the Court should deny Plaintiff's motion and should issue a stay.

## BACKGROUND

Plaintiff commenced this action on June 14, 2019. On August 27, 2019, the Moving Defendants removed this action to this Court, based on diversity jurisdiction under 28 U.S.C. §§ 1441, 1332, and 1446. *See* Dkt. No. 1. On September 26, 2019, Plaintiff moved to remand this case to state court. *See* Dkt. No. 14. That same day, Plaintiff filed its motion for an expedited hearing on its motion to remand. *See* Dkt. No. 15.[2]

This action involves allegations against manufacturers, distributors, pharmacies, pharmacy benefit managers, and others arising from the sale, marketing, and distribution of prescription opioid medications. This action is similar to thousands of cases that are pending in the Opiate MDL, which the JPML established on December 5, 2017. Accordingly, after receiving the Moving Defendants' notification of this case, the JPML conditionally transferred this case to the Opiate MDL on September 11, 2019, pending the JPML's final determination on transfer. *See* Conditional Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Sept. 11, 2019), Dkt. No. 5583. Plaintiff objected to the conditional transfer on September 18, 2019, and briefing is expected to be completed by October 31, 2019. *See* Text Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Sept. 19, 2019), Dkt. No. 5660. The JPML

---

[2] On September 26, 2019, (without filing pre-motion conference letters, and before its motion was fully briefed, *see* Individual Rules of District Judge Roslynn R. Mauskpf Rule III.A.), Plaintiff filed on ECF its: (1) motion to remand (Dkt. No. 14); and (2) motion for an expedited hearing (Dkt. No. 15). To preserve their rights, the Moving Defendants have filed their opposition to Plaintiff's motion to expedite on ECF and served Plaintiff with their papers.

will likely make a final decision on or shortly after the next bimonthly hearing date of December 5, 2019.

## ARGUMENT

Plaintiff's motion to expedite should be denied because there is simply no urgency here. Plaintiff argues that the resolution of its motion to remand should be expedited for the sole reason that "the instant action is now included on CTO-111," and "[u]nless this Court rules on the jurisdictional matters raised by Plaintiff's remand motion before the next JPML hearing, Plaintiff will be subject to a court without jurisdiction over its action." Dkt. No. 15 at 5–6.

But the issuance of a CTO is standard and routine under the JPML rules and is not a basis for expediting resolution of Plaintiff's Motion to Remand. To the contrary, the issuance of the CTO signals that the case should be transferred to the Opiate MDL because it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." *See* Conditional Transfer Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Sept. 11, 2019) Dkt. No. 5583. The JPML, alone, has issued hundreds of CTOs for the Opiate MDL since last year and continues to do so on a daily basis.

Indeed, judicial economy strongly counsels in favor of the Opiate MDL Court deciding these issues. Over one hundred cases removed on the basis of diversity jurisdiction, under theories of fraudulent misjoinder or severance, are currently pending before the Opiate MDL Court. In these cases, as discussed more fully in the forthcoming motion to stay, district courts across the country routinely issued a stay of proceedings. *See e.g.*, Text Order, *City of Auburn*, No. 2:19-cv-03800 (temporarily staying proceedings in a substantially similar case, pending final transfer decision by the JPML); Text Order, *City of Ogdensburg*, No. 8:19-cv-00782, Dkt. No. 79 (granting

defendants' motion to temporarily stay proceedings pending final transfer decision by the JPML in a substantially similar case); Text Order, *City of Saratoga Springs*, No. 1:19-cv-00789, Dkt. No. 79 (same); Text Order, *City of Rochester*, No. 6:19-cv-06490, Dkt. No. 62 (same); Order at 2–3, *Franklin Cty. v. Purdue Pharma L.P.*, No. 7:19-cv-00302 (W.D. Va. May 1, 2019), Dkt. No. 33 ("this case and those like it present issues of national importance with national implications . . . [i]n the interest of judicial economy and to achieve uniform disposition of the issues central to these cases, the court will exercise it discretion to forego consideration of Franklin County's [remand] motion[] so that the JPML may adjudicate the objections to transfer of these cases"). The rationale is simple: where a jurisdictional issue "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," and "involves common questions of law and fact," "[c]onsistency as well as economy is . . . served" by having the jurisdictional objections "heard and resolved by a single court . . . ." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

Moreover, there is no merit to Plaintiff's argument that "[a] transfer of the case to the federal court, especially into an MDL, will . . . severely prejudice Plaintiff" because "this action . . . should be part of the New York coordinated litigation." *See* Dkt. No. 15 at 6. Any potential prejudice to Plaintiff is slight. Although the action, *In re Opioid Litigation*, Index No. 400000/2017 (N.Y. Sup. Ct. 2017), is pending in Suffolk County Supreme Court, none of the dozens of actions being litigated therein involves the Moving Defendants—thus, no case management or pretrial proceedings have commenced relating to the Moving Defendants. Indeed, Plaintiff has expended limited resources to date, as this action is still in its infancy, and discovery has not yet begun.

Furthermore, if this action is transferred to the Opiate MDL, Plaintiff can raise any jurisdictional objections to the MDL Court. And in the unlikely event that the JPML does not

5

transfer this case to the Opiate MDL, this Court can hear and decide any jurisdictional objections raised by Plaintiff at that time. "The question is not whether there will be a decision on the jurisdictional issue, but rather which court is in the best position to decide it – this Court or the MDL court." *Med. Soc'y of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001).

Conversely, the Moving Defendants have been litigating virtually identical claims in the Opiate MDL for nearly twenty months, and are named defendants in the second bellwether track established by Judge Polster. The Moving Defendants should not be forced to engage in unnecessary and duplicative discovery and motion practice, or to risk inconsistent rulings on important jurisdictional issues. *See Lee v. Equifax Info. Servs., LLC*, 2018 WL 8139008, at *1 (E.D.N.Y. Aug. 6, 2018) ("[I]f the case is not stayed pending the JPML's transfer decision, defendant will be prejudiced by having to defend duplicative proceedings and motions, with the potential for inconsistent and/or inefficient discovery demands and obligations."). The Court should deny Plaintiff's motion to expedite.

## CONCLUSION

Accordingly, any delay in a ruling on a decision to remand is far outweighed by the hardship to the Moving Defendants and risk of inconsistent rulings. For the foregoing reasons, Plaintiff's motion for expedited treatment of its remand motion should be denied.

Dated: October 3, 2019

                                                 Respectfully submitted,

                                                 */s/ Alana F. Montas*

Steven Penaro                              Alana F. Montas
**ALSTON & BIRD LLP**             Steven G. Kobre
90 Park Avenue                          Matthew I. Menchel
New York, NY 10016              Alexandria E. Swette
Tel: (212) 210-9460                **KOBRE & KIM LLP**
Fax: (212) 922-3960                800 Third Avenue
steve.penaro@alston.com        New York, NY 10022

6

William H. Jordan
*(Pro hac vice forthcoming)*
Caroline R. Strumph
*(Pro hac vice forthcoming)*
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777
bill.jordan@alston.com
caroline.strumph@alston.com

Brian D. Boone
*(Pro hac vice forthcoming)*
**ALSTON & BIRD LLP**
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com

Kimberly K. Chemerinsky
*(Pro hac vice forthcoming)*
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Tel: (213) 576-1000
Fax: (213) 576-1100
kim.chemerinsky@alston.com

*Attorneys for Defendants OptumRx, Inc., Optum, Inc., and UnitedHealth Group Incorporated*

Shawn P. Naunton
**ZUCKERMAN SPAEDER LLP**
485 Madison Avenue
10th Floor
New York, NY 10022-5871
Tel.: (212) 704-9600
snaunton@zuckerman.com

Conor B. O'Croinin
*(Admitted pro hac vice)*

Tel.: (212) 488-1200
Fax: (212) 488-1220
Alana.Montas@kobrekim.com
Steven.Kobre@kobrekim.com
Matthew.Menchel@kobrekim.com
Alexandria.Swette@kobrekim.com

Adriana Riviere-Badell
*(Pro hac vice forthcoming)*
**KOBRE & KIM LLP**
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel.: (305) 967-6100
Fax: (305) 967-6120
Adriana.Riviere-Badell@kobrekim.com

Julian W. Park
*(Pro hac vice forthcoming)*
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Tel.: (415) 582-4800
Fax: (415) 582-4811
Julian.Park@kobrekim.com

*Attorneys for Defendant Express Scripts, Inc.*

Nicholas S. Davis
**THOMPSON & KNIGHT LLP**
900 Third Avenue, 20th Floor
New York, New York 10022
Tel.: (212) 751-3001
Fax: (212) 751-3113
nick.davis@tklaw.com

Timothy E. Hudson
*(Pro hac vice forthcoming)*
Janelle L. Davis
*(Pro hac vice forthcoming)*
Mackenzie Salenger
*(Pro hac vice forthcoming)*
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500

7

**ZUCKERMAN SPAEDER LLP**
100 East Pratt Street
Suite 2440
Baltimore, Maryland 21202-1031
Tel.: (410) 332-0444
cocroinin@zuckerman.com

*Attorneys for CVS Health Corporation; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C. d/b/a CVS/Caremark; Caremark, L.L.C.; CaremarkPCS, L.L.C.*

Dallas, Texas 75201
Tel.: (214) 969-1700
Fax: (214) 969-1751
tim.hudson@tklaw.com
janelle.davis@tklaw.com
mackenzie.salenger@tklaw.com

*Attorneys for Navitus Holdings, LLC and Navitus Health Solutions, LLC*

Robert J. Gilbertson
*(Pro hac vice forthcoming)*
**GREENE ESPEL PLLP**
222 S. 9th Street, Suite 2200
Minneapolis, MN 55402
Tel.: (612) 373-8330
BGilbertson@GreeneEspel.com

*Attorneys for Defendant Prime Therapeutics LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, the foregoing document was electronically served upon all attorneys of record.  Other notice is being sent to the parties via U.S. Mail Postage Prepaid.

**Counsel for Plaintiff:**

| Plaintiff | Attorneys |
|---|---|
| The County of Allegany | Paul J. Napoli<br>Salvatore C. Badala<br>Joseph L. Ciaccio<br>Shayna E. Sacks<br>Napoli Shkolnik PLLC<br>400 Broadhollow Road, Suite 305<br>Melville, NY 11747 |

**Counsel for Defendants:**

| Defendant | Attorneys/Address |
|---|---|
| Purdue Pharma, L.P. | c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| Purdue Pharma, Inc. | c/o United Corporate Services, Inc.<br>10 Bank Street, Suite 560<br>White Plains, NY 10606 |
| Purdue Frederick Company, Inc. | c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
| Teva Pharmaceuticals USA, Inc. | 1090 Horshan Road<br>North Wales, PA 19454 |
| Cephalon, Inc. | 1090 Horsham Road<br>North Wales, PA 19454 |
| Johnson & Johnson | One Johnson & Johnson Plaza<br>New Brunswick, NY 08933 |
| Janssen Pharmaceuticals, Inc. | 116 Pine Street Suite 320<br>Harrisburg, PA 17101 |
| Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc. | 116 Pine Street Suite 320<br>Harrisburg, PA 17101 |
| Ortho-McNeil-Janssen Pharmaceuticals, Inc. N/K/A Janssen Pharmaceuticals, Inc. | c/o The Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628 |

| **Defendant** | **Attorneys/Address** |
|---|---|
| Endo Health Solutions, Inc. | 1400 Atwater Dr.<br>Malvern, PA 19355 |
| Endo Pharmaceuticals, Inc. | 1400 Atwater Dr.<br>Malvern, PA 19355 |
| Allergan PLC F/K/A Actavis PLC | c/o Teva Pharmaceuticals<br>425 Privet Road<br>Horsham, PA 19454 |
| Actavis, Inc. F/K/A Watson Pharmaceuticals, Inc. | c/o Teva Pharmaceuticals<br>425 Privet Road<br>Horsham, PA 19454 |
| Watson Laboratories, Inc. | 311 Bonnie Circle<br>Corona, CA 92880 |
| Actavis LLC | c/o Teva Pharmaceuticals<br>425 Privet Road<br>Horsham, PA 19454 |
| Actavis Pharma, Inc. F/K/A Watson Pharma, Inc. | c/o Teva Pharmaceuticals<br>425 Privet Road<br>Horsham, PA 19454 |
| Insys Therapeutics, Inc. | 1333 S. Spectrum Blvd. #100<br>Chandler, AZ 85286 |
| McKesson Corporation | c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br>(302) 636-5401 |
| Cardinal Health, Inc. | Kevin Patrick Mulry<br>400 RXR Plaza<br>Uniondale, NY 11556<br>kmulry@farrellfritz.com |
| AmerisourceBergen Drug Corporation | Paul Edward Asfendis<br>Gibbons, P.C.<br>One Pennsylvania Plaza<br>37th FLoor<br>New York, NY 10119<br>pasfendis@gibbonslaw.com |
| American Medical Distributors, Inc. | Paul Edward Asfendis<br>Gibbons, P.C.<br>One Pennsylvania Plaza<br>37th Floor<br>New York, NY 10119<br>pasfendis@gibbonslaw.com |

| Defendant | Attorneys/Address |
|---|---|
| Bellco Drug Corp. | Paul Edward Asfendis<br>Gibbons, P.C.<br>One Pennsylvania Plaza<br>37th FLoor<br>New York, NY 10119<br>pasfendis@gibbonslaw.com |
| Blenheim Pharmacal, Inc. | 119 Creamery Road<br>North Blenheim, NY 12131 |
| Eveready Wholesale Drugs Ltd. | 23 Hilltop Drop<br>Melville, NY 11747 |
| Kinray, LLC | 152-35 10th Avenue<br>Whitestone, NY 11357 |
| PSS World Medical, Inc. | c/o McKesson Medical-Surgical<br>4345 Southpoint Boulevard, #10<br>Jacksonville, FL 32216<br><br>and<br><br>c/o Corporation Service Co.<br>1201 Hays Street<br>Tallahassee, FL 32301 |
| Rochester Drug Cooperative, Inc. | 50 Jetview Drive<br>Rochester, NY 14626 |
| Darby Group Companies, Inc. | 300 Jericho Quadrangle<br>Jericho, NY 11753 |
| Raymond Sackler Family | c/o Joseph Hage Aaronson LLC<br>485 Lexington Avenue, 30th Floor<br>New York, NY 10017 |
| Mortimer Sackler Family | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022 |
| Richard S. Sackler | c/o Joseph Hage Aaronson Llc<br>485 Lexington Avenue, 30th Floor<br>New York, NY 10017<br>(212) 407-1200 |
| Jonathan D. Sackler | c/o Joseph Hage Aaronson LLC<br>485 Lexington Avenue, 30th Floor<br>New York, New York 10017<br>(212) 407-1200 |
| Mortimer D.A. Sackler | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022 |
| Kathe A. Sackler | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022 |

| Defendant | Attorneys/Address |
|---|---|
| Ilene Sackler Lefcourt | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022 |
| Beverly Sackler | c/o Joseph Hage Aaronson LLC<br>485 Lexington Avenue, 30th Floor<br>New York, NY 10017 |
| Theresa Sackler | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022 |
| David A. Sackler | c/o Joseph Hage Aaronson LLC<br>485 Lexington Avenue, 30th Floor<br>New York, NY 10017<br>(212) 407-1200 |
| Rhodes Technologies | c/o Skarzynski Black LLC<br>One Battery Park Plaza, 32nd Floor<br>New York, NY 10004 |
| Rhodes Technologies Inc. | c/o Skarzynski Black LLC<br>One Battery Park Plaza, 32nd Floor<br>New York, NY 10004 |
| Rhodes Pharmaceuticals, L.P. | c/o Skarzynski Black LLC<br>One Battery Park Plaza<br>32nd Floor<br>New York, NY 10004<br>(212) 820-7700 |
| Rhodes Pharmaceuticals Inc. | c/o Skarzynski Black LLC<br>One Battery Park Plaza<br>32nd Floor<br>New York, NY 10004<br>(212) 820-7700 |
| Trust for the Benefit of Members of the Raymond Sackler Family | c/o Joseph Hage Aaronson LLC<br>485 Lexington Avenue, 30th Floor<br>New York, NY 10017 |
| The P.F. Laboratories, Inc. | 700 Union Blvd,<br>Totowa, NJ 07512 |
| Stuart D. Baker | 16 Sutton Place,<br>New York, NY 1002 |
| Par Pharmaceutical, Inc. | 1 Ram Ridge Rd,<br>Chestnut Ridge, NY 10977 |
| Par Pharmaceutical Companies, Inc. | c/o CT Corporation System<br>28 Liberty St.<br>New York, NY 10005 |
| Mallinckrodt PLC | 675 McDonnell Blvd.<br>St. Louis, MO 63042 |

| Defendant | Attorneys/Address |
|---|---|
| Mallinckrodt LLC | c/o Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704 |
| Specgx LLC | c/o Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9000 |
| Mylan Pharmaceuticals, Inc. | Phoebe A. Wilkinson<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>phoebe.wilkinson@hoganlovells.com |
| Sandoz, Inc. | 100 College Road West<br>Princeton, NJ 08540 |
| West-Ward Pharmaceuticals Corp. N/K/A Hikma Pharmaceuticals, Inc. | 246 Industrial Way W,<br>Eatontown, NJ 07724 |
| Amneal Pharmaceuticals, Inc. | 75 Adams Ave,<br>Hauppauge, NY 11788 |
| Noramco, Inc. | 97-11 222nd St.<br>Queens Village, NY 11429 |
| John N. Kapoor | Kurt Michael Mullen<br>Nixon, Peabody Law Firm<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>kmullen@nixonpeabody.com |
| Anda, Inc. | 104 Wooster St #2s<br>New York, NY 10012 |
| Discount Drug Mart, Inc. | 5203 Broadway,<br>The Bronx, NY 10463 |
| HBC Service Company | 601 Meadowlands Blvd,<br>Washington, PA 15301 |
| Morris & Dickson Co., LLC | 410 Kay Ln,<br>Shreveport, LA 71115 |
| Publix Supermarkets, Inc. | 528 3rd Ave.<br>New York, NY 10016 |
| SAJ Distributors | 3017 S Midland Dr.<br>Pine Bluff, AR 71603 |
| Value Drug Company | 195 Theater Drive / POB 1027<br>Duncansville, PA 16635 |
| Smith Drug Company | P.O. Box 1779<br>Spartanburg, SC 29304<br>1 (864) 582-1218 |

| **Defendant** | **Attorneys/Address** |
|---|---|
| Rite Aid of Maryland, Inc., D/B/A Rite Aid Mid-Atlantic Customer Support Center, Inc. | 28 Liberty St. New York, NY 10005 |
| Rite Aid Corp. | 30 Hunter Lane Camp Hill, PA 17011 |
| Walgreens Boots Alliance, Inc. | 108 Wilmont Rd. Deerfield, IL 60015 (847) 315-3700 |
| Walgreen Eastern Co. | 125 North Commerce Way Bethlehem, PA 18017-8933 |
| Walgreen Co. | 200 Wilmot Road MS Suite 2002 Deerfield, IL 60015 |
| Wal-mart Inc. | 702 SW 8th Street Bentonville, AR 72716 |
| Miami-Luken, Inc. | 265 S Pioneer Blvd. Springboro, OH 45066 |
| The Kroger Co. | 1014 Vine Street Cincinnati, OH 45202 |
| Henry Schein, Inc. | 135 Duryea Road Melville, NY 11747 |
| Henry Schein Medical Systems, Inc. | 760 Boardman-Canfield Road Boardman, OH 44512 |

*/s/ Alana F. Montas*
Alana F. Montas