# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALLEGANY COUNTY, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-04891-RRM-ST |
| | : | |
| v. | : | |
| | : | |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; INSYS THERAPEUTICS, INC.; MCKESSON CORPORATION; CARDINAL HEALTH INC.; AMERISOURCEBERGEN DRUG CORPORATION; AMERICAN MEDICAL DISTRIBUTORS, INC.; BELLCO DRUG CORP.; BLENHEIM PHARMACAL, INC.; EVEREADY WHOLESALE DRUGS LTD.; KINRAY, LLC; PSS WORLD MEDICAL, INC.; ROCHESTER DRUG COOPERATIVE, INC.; DARBY GROUP COMPANIES, INC.; RAYMOND SACKLER FAMILY; MORTIMER SACKLER FAMILY; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. | : | |

SACKLER; RHODES TECHNOLOGIES; RHODES TECHNOLOGIES INC.; RHODES PHARMACEUTICALS L.P.; RHODES PHARMACEUTICALS INC.; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; THE P.F. LABORATORIES, INC.; STUART D. BAKER; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; MYLAN PHARMACEUTICALS, INC.; SANDOZ, INC.; WEST-WARD PHARMACEUTICALS CORP. N/K/A HIKMA PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, INC.; NORAMCO, INC.; JOHN N. KAPOOR; ANDA, INC.; DISCOUNT DRUG MART, INC.; HBC SERVICE COMPANY; MORRIS & DICKSON CO., LLC; PUBLIX SUPERMARKETS, INC.; SAJ DISTRIBUTORS; VALUE DRUG COMPANY; SMITH DRUG COMPANY; CVS HEALTH CORPORATION; RITE AID OF MARYLAND, INC., D/B/A RITE AID MID-ATLANTIC CUSTOMER SUPPORT CENTER, INC.; RITE AID CORP.; WALGREENS BOOTS ALLIANCE, INC.; WALGREEN EASTERN CO.; WALGREEN, CO.; WAL-MART INC.; MIAMI-LUKEN, INC.; THE KROGER CO.; HENRY SCHEIN, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS, INC.; CAREMARK RX, L.L.C.; CAREMARKPCS HEALTH, L.L.C. D/B/A CVS/CAREMARK; CAREMARK, L.L.C.; CAREMARKPCS, L.L.C.; UNITEDHEALTH GROUP INCORPORATED; OPTUM, INC.; OPTUMRX INC..; PRIME THERAPEUTICS LLC; NAVITUS HOLDINGS, LLC; AND NAVITUS HEALTH SOLUTIONS, LLC,

Defendants.

## REPLY TO RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXPEDITED HEARING ON ITS MOTION TO REMAND

COMES NOW Plaintiff, Allegany County, by and through its attorneys of record, and for its *Reply to Defendants' Opposition to Plaintiff's Motion for an Expedited Hearing on its Motion to Remand*, states as follows:

### BACKGROUND

Plaintiff properly commenced its action in the Supreme Court of the State of New York, County of Allegany on June 14, 2019, predicated on state law claims against Manufacturer, Distributor and Pharmacy Benefit Manager Defendants ("PBM Defendants"). On August 23, 2019, the case was transferred to the Suffolk County Supreme Court to join the coordinated New York entities and assigned Coordinated Index No. 400025/2019.

PBM Defendants improperly removed this action to the United States District Court for the Eastern District of New York under theories of severance and fraudulent misjoinder. Plaintiff moved to remand this case to state court and concurrently filed a motion seeking an expedited briefing schedule on its motion to remand, based on jurisdictional and timing issues after making a good faith determination that adhering to this Court's individual practices and preferences regarding pre-motion conferences and the briefing schedule as prescribed could deprive it of substantive rights if a hearing on its *Motion to Remand* was delayed by the adherence to this Court's individual practices and preferences.

Plaintiff asserts that the improper removal to this Court with an inevitable subsequent transfer into the National Prescription Opiate Litigation, MDL No. 2804 as opposed to proper transfer to re-join the coordinated action in Suffolk County would impede the just and efficient administration of this action. Allegany County's action seeking restitution for Defendants' role in

3

the opioid crisis needs to be addressed in the proper forum, the Coordinated New York action. Accordingly, Plaintiff respectfully submits its Reply to Defendants' Opposition to its expedited hearing request.

## ARGUMENT

Defendants assert that "[t]here is no urgency or merit" to Allegany County's motion to remand and that "[t]he only reason Plaintiff seeks to rush resolution of its remand motion is to evade" the order transferring the instant action to MDL-2804. (PBM Def's Opposition at 1) Defendants further point out that they have requested leave to file a motion to stay proceedings. However, a stay of these proceedings is improper as the merits of Plaintiff's remand motion and the jurisdictional issues it raises must be addressed first.

Federal courts are courts of limited jurisdiction. Because federal courts presumptively have no jurisdiction over civil actions, the burden of establishing to the contrary appropriately rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The failure by a Court to determine at the outset of an action whether jurisdiction exists "carries [it] beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

If the Court defers consideration of the remand motion, it will take much longer for the MDL court to make that determination than it will take the local District Court. Coupled with the fact that the moratorium placed on February 16, 2018 on all motions for non-trial pool cases, including remand has not been lifted, the threshold jurisdictional issue will sit at a standstill in the MDL as well. *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 130 (Feb. 16, 2018 Order Regarding Remands)

4

Indeed, there is no question that if transferred to the MDL, Plaintiff will be added to the long list of cases already before the MDL and, as previously noted, the transferee Judge has placed a moratorium on hearing any motions to remand. Thus, in addition to severely prejudicing Plaintiff, transfer to MDL 2804 would promote the inefficient, rather than the efficient, determination of this action. Defendants clearly seek to delay the proper adjudication of these matters and hearing on basic jurisdictional issues on the meritless basis of their removal and their proposed stay of proceedings.

The result would be a substantial and needless delay to the ultimate resolution of this case. It would conserve judicial resources and foster expeditious administration of justice to order the remand of the instant action with the eventual transfer into the New York Coordinated proceeding. As highlighted in Plaintiff's remand motion, the Coordinated New York action is in an advanced litigation stage, where the Court is actively hearing disputes and conducting court conferences overseeing only New York entities, including discovery, motions to dismiss and New York discovery based arguments.

If *Allegany County's* action is stalled in the Opiate MDL while the New York Coordinated issues are being decided and ultimately adjudicated, Plaintiff will be irreparably harmed by missing out on the remedies and rulings available to the other New York Plaintiffs.

Defendants further state that they "should not be forced to engage in unnecessary and duplicative discovery and motion practice, or to risk inconsistent rulings on important jurisdictional issues." (PBM Def's Opposition at 6) However, if no valid basis for federal jurisdiction exists, or if the removal notice is procedurally defective and remand is therefore mandatory, this case does not belong in MDL-2804 and any alleged inconsistencies are irrelevant.

Further, there will not be any unnecessary or duplicative discovery and/or motion practice if the case is in New York as the state is coordinating with the MDL to avoid such an issue.

While Removing Defendants seek to delay the threshold jurisdictional issue regarding Plaintiff's claims in the name of judicial efficiency, the crisis fueled by their contributing actions continues unabated in Plaintiff's county.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court hold an expedited hearing on Plaintiff's *Motion to Remand* as soon as possible.

Dated: October 10, 2019

    Respectfully submitted,

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, New York 11747

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will also transmit a Notice of Electronic Filing to all counsel of record.

*/s Hunter J. Shkolnik*
Hunter J. Shkolnik